IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: SYLWIA KRISTINA MIKOLAJCYK ) | |
| ) | |
| SELECT PORTFOLIO SERVICING/U.S. BANK ) | |
| N.A., SUCCESSOR TRUSTEE TO BANK OF ) | |
| AMERICA, N.A., SUCCESSOR TO LASALLE ) | |
| BANK, N.A., AS TRUSTEE, ON BEHALF OF ) | |
| THE HOLDERS OF THE WASHINGTON MUTUAL ) | |
| MORTGAGE PASS-THROUGH CERTIFICATES, ) | |
| WMALT SERIES 2006-9, ) | |
| Creditor, ) | |
| ) | |
| vs. ) | CASE NO. 13-45167 |
| ) | JUDGE JACK B. SCHMETTERER |
| SYLWIA KRISTINA MIKOLAJCYK, ) | |
| Debtor ) | |

**OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

Now comes Select Portfolio Servicing/U.S. Bank N.A., successor trustee to Bank of America, N.A., successor to LaSalle Bank, N.A., as trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-9, by and through its attorneys, Pierce & Associates, P.C., and requests that Confirmation be denied, stating as follows:

1. On November 21, 2013, the debtor filed the instant bankruptcy petition under Chapter 13 of the Bankruptcy Code (11 U.S.C. Sec. 1301 et seq.)

2. Select Portfolio Servicing/U.S. Bank N.A., successor trustee to Bank of America, N.A., successor to LaSalle Bank, N.A., as trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-9 services the mortgage lien on the real property commonly known as 906 Ridge Square #314, Elk Grove Village, IL 60007.

3. Paragraph E of the debtor's Chapter 13 Plan provides that the Chapter 13 Trustee shall pay Select Portfolio Servicing/U.S. Bank N.A., successor trustee to Bank of America, N.A., successor to LaSalle Bank, N.A., as trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-9 $0.00 over the life of the Chapter 13 Plan.

4. However, the actual filed and allowed pre-petition mortgage arrears of Select Portfolio Servicing/U.S. Bank N.A., successor trustee to Bank of America, N.A., successor to LaSalle Bank, N.A., as trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-9 total $16,984.25 which is greater than the amount provided for in Paragraph E of the debtor's Chapter 13 Plan.

5. Plan paragraph B(2)(b) and (c) of the debtor's Chapter 13 Plan impermissibly modifies the independent valid contractual rights of the mortgage holder pertaining to when and how costs of collection for post-petition obligations may be assessed, allowed, and/or reimbursed by the debtor under the plan.  See, 11 U.S.C. Sec. 1322(b).

6. The debtor's Chapter 13 Plan, by not properly paying the allowed, secured Proof of Claim filed by Select Portfolio Servicing/U.S. Bank N.A., successor trustee to Bank of America, N.A., successor to LaSalle Bank, N.A., as trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-9, impermissibly modifies the

rights of Select Portfolio Servicing/U.S. Bank N.A., successor trustee to Bank of America, N.A., successor to LaSalle Bank, N.A., as trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-9, which is secured only by a mortgage lien on the real estate which is the debtor's principal residence.  11 U.S.C. Sec. 1322(b)(2).

7. The debtor's Chapter 13 Plan, by not properly paying the allowed, secured, Proof of Claim filed by Select Portfolio Servicing/U.S. Bank N.A., successor trustee to Bank of America, N.A., successor to LaSalle Bank, N.A., as trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-9, does not "provide for the curing" of the pre-petition mortgage arrears of Select Portfolio Servicing/U.S. Bank N.A., successor trustee to Bank of America, N.A., successor to LaSalle Bank, N.A., as trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-9.  11 U.S.C. Sec. 1322(b)(5).

8. A Proof of Claim "is deemed allowed, unless a party in interest objects" to it.  11 U.S.C. Sec 502.

9. No party in interest has filed an Objection to the Proof of Claim filed by Select Portfolio Servicing/U.S. Bank N.A., successor trustee to Bank of America, N.A., successor to LaSalle Bank, N.A., as trustee, on behalf of the holders of the

Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-9.

10.  Select Portfolio Servicing/U.S. Bank N.A., successor trustee to Bank of America, N.A., successor to LaSalle Bank, N.A., as trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-9 has incurred reasonable fees as a result of this objection.

WHEREFORE, Select Portfolio Servicing/U.S. Bank N.A., successor trustee to Bank of America, N.A., successor to LaSalle Bank, N.A., as trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-9 respectfully prays that Confirmation of the debtor's Chapter 13 Plan be denied, and for such other and further relief as this Honorable Court deems just.

Respectfully Submitted,
Select Portfolio Servicing/U.S. Bank N.A., successor trustee to Bank of America, N.A., successor to LaSalle Bank, N.A., as trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-9

/s/Christopher M. Brown
Christopher M. Brown
ARDC#6271138

Pierce and Associates, P.C.
1 North Dearborn Street
Suite 1300
Chicago, Illinois 60602
(312)346-9088